**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN RAMOS-REYES, | No. 18-72590 |
| Petitioner, | Agency No. A070-974-306 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**
Portland, Oregon

Before: GRABER and CHRISTEN, Circuit Judges, and R. COLLINS,*** District
Judge.

Petitioner Martin Ramos-Reyes seeks review of the Board of Immigration

Appeals' ("BIA") final order denying his requests for cancellation of removal,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

withholding of removal, asylum, and protection under the Convention Against Torture. We deny the petition in part and dismiss it in part.

1. The BIA correctly held that Petitioner's conviction under Oregon's law prohibiting cockfighting constitutes a crime involving moral turpitude. In Ortega-Lopez v. Barr, 978 F.3d 680, 687 (9th Cir. 2020), we deferred to the BIA's conclusion that a conviction under the federal cockfighting statute is a crime involving moral turpitude. Petitioner's argument that his conduct was dissimilar from that in Ortega-Lopez because he was convicted merely of possessing a fighting bird is unavailing. Oregon's law allows conviction only if the owner knows and intends that the bird will be used in cockfighting or trains the bird for cockfighting. Or. Rev. Stat. § 167.428(2).

2. Because the BIA considered Petitioner's "imputed nationality" argument on de novo review, any error committed by the immigration judge was harmless. Brezilian v. Holder, 569 F.3d 403, 411 (9th Cir. 2009). Before us, Petitioner does not challenge the BIA's conclusion that, by submitting insufficient evidence of imputed nationality, Petitioner was ineligible for withholding of removal.

3. We lack jurisdiction over Petitioner's arguments as to the merits of his asylum application. Petitioner does not challenge the determination that his

asylum application was time-barred, and thus he has failed to exhaust administrative remedies. Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir. 2004).

4. We lack jurisdiction over the question whether the immigration judge violated due process when denying Petitioner's application under the Convention Against Torture. The BIA correctly determined that Petitioner did not meaningfully raise this argument on appeal from the immigration judge's decision and, similarly, he fails to raise it sufficiently here. Id.

**PETITION DENIED IN PART and DISMISSED IN PART.**